Proceed? Yes, go ahead Mr. Henderson. May it please the court. Good morning, your honor. My name is Kent Henderson. Huizar Henderson Carrasco on behalf of the appellant Jorge Galindo. In this case, it's interesting that what occurred in terms of the defendants bringing their motion for summary judgment is that they chose to rely upon a declaration from the defendant officer rather than utilizing his deposition which had been taken and I think that that's very telling because in his deposition that you know as we know he used deadly force on a person who was unarmed and and they they relied on that carefully crafted declaration and why did they rely on that deposition testimony because the I mean I'm sorry rely on the there was no motion for summary judgment possible under Heck v. Humphrey and the reason for that is that in this case the amount of time was about three to four minutes that's about the amount of time that was utilized in this interaction. I'm sorry to interrupt but I don't I don't quite understand the argument. The city argues that Heck v. Humphrey is dispositive because an element of Mr. Galindo's guilty plea conviction for obstruction would be negated if he if he if he prevailed on his 1983 action and it's it's that simple as I understand it so I don't understand what you're arguing in terms of why a deposition as opposed to other testimonies of the officer is relevant. It seems to me that the conviction gets you into the ambit of Heck v. Humphrey. The district court looked at the elements of the conviction looked at the 1983 claim applied the law and that's that's what the issue is on appeal. I understand your question your honor but Heck it deals with whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence and as we know under Hooper the Hooper case makes it clear that what is important is whether in fact the use of force was based upon different actions or if we go to the Smith v. Hemick case whether it was whether there was a break in the continuous sequence. Hooper tries to Hooper tries to correct Smith to some extent I think for sure but I guess my worry about this has to do with McCann. McCann says if you make allegations in your 83 complaint that are inconsistent with the facts in your criminal conviction then you've you can't go forward. So I read your complaint it doesn't seem to me in reading your complaint I'm looking at paragraph 14 where you say that Maldonado the plaintiff was attempting to provide his ID to defendant he was standing sitting inside the garage. I go to paragraph 18 you say that he has a liberty interest to be free of one's person for unlawful search and seizure and the right not to use excessive force against him. I go to paragraph 19 you say the plaintiff was not offering resistance. I go to paragraph 20 you say there is no reason for him not to have been free from being detained. I go to paragraph 21 you say did not represent a threat. You go to 22 you say he was engaged in lawful activity. That in no way shape or form cannot be pled without flying in the force of the conviction. Well your honor the reason that I think that those elements in the complaint frankly do not matter in this case. Well they do matter because if you can plead this and that's what you're going to prove that's absolutely flying in be in the face of what he pled to. He willfully and knowingly and unlawfully resisting delaying and obstructing knowing that the person was a police officer lawfully performing his duties as a police officer by and then goes through what he says. Yeah I mean that is absolutely contrary. But your honor under the Hooper case the question is whether in fact it was the use of force was based upon a different action. Well just a minute you could if you pled all of the things that you suggest you pled guilty to and then you said he went over and above what he could should have done based on all the things we did that's one thing and that would be something Hooper might condone. But Hooper did not condone pleading to all of this and then in your complaint saying I didn't act that way. But this is based on a motion for summary judgment. It doesn't matter and if in fact I read did you read McCann? If in fact I read McCann it says by making specific allegations in the 83 complaint that are inconsistent with the facts of the criminal conviction your complaint is barred. But it's not making allegations that are inconsistent with the criminal conviction because the criminal to show his hands. Even if I read refusing his commands walking in an open garage refusing to show his hands turning around and reaching in his pockets you cannot suggest that by doing all of that and agreeing that he knowfully low knowingly willfully and unlawfully resisted delayed and obstructed an officer lawfully doing his duty and read your complaint and say that's the same. But those actions that we're talking about in the three to four minutes are not what caused the officer to use force and our complaint does plead that in fact the use of force by the officer was excessive. So the reason that the officer used force is that the plaintiff crouched down. In fact he said that if the plaintiff had not crouched down that he would not have shot him. The deadly force in this case was based only on the plaintiff crouching down, not on walking into an open garage, not on refusing to show his hands, and not on turning around and reaching into his pockets. That's why it's important as to what was in the deposition. Mr. Henderson, could the problem be resolved if we sent this back to the district court and told the district court to order you to replead and to eliminate from your complaint all of the factual would you still have a cognizable 1983 claim for excessive force? You're right, your honor, we absolutely would. You would? Yes. So you would concede, if we allowed you to replead, that the officer had probable cause to arrest Mr. Galindo for the PC-148A1 violation, but that he nonetheless used too much force in affecting that arrest? That's essentially true, your honor. But that's not what you've said in this complaint. The problem with the way you've drafted your First Amendment complaint is you're making factual allegations in there that are flat and consistent with what he said in connection with his plea of guilty. But in this court's review of the granting of a motion for summary judgment, which is done on the basis of de novo review with all factual inferences in favor of the plaintiff, the facts in this case, as were borne out by the defendant's deposition, are that in fact the only reason he shot him was because he crouched down, which is not at all a part, any part, of the plea to which they had him plead guilty. In fact, you can have PC-148- Why wouldn't the crouching down be part and parcel of refusing to comply with the officer's lawful commands to show his hands? No, because when he crouched down, he made it clear that he could still see his right hand. And- Couldn't see the left hand, right? The left hand was slightly above the pocket, but there was no weapon shown. Remember, under Graham and under jury instruction 9.22, which discusses those factors, the officer can only use deadly force when there is an imminent threat of harm to his own life or safety. And in this particular case, you're talking about a person who is visibly unarmed, who is crouching down, who the officer first pulled out a taser, and that taser was in response to all of the activity that had taken place for three to four minutes. It was only when he crouched down that he switched to the gun and he shot him and used deadly force. And so none of that is in the guilty plea. And he admits in his deposition- I'm not sure that none of it is in the guilty plea, but that's why I talked about what did you plead. Turning around and reaching into my pockets, it is unclear when that happened. It is unclear about that. Because what we had was the guy, the officer is right there, he starts to crouch down and the officer says he takes a position of advantage and prepares to reach for a gun. As he crouched down, he took the thousand-yard stare, given the officer the idea it was going to shoot him. He continued to hold his hand down on the left side, which the officer could not see. And then he moves his right hand toward the left side. Now, who's to say when that's turning around and reaching into his pockets? It seems as if that's the reaching into the pockets the officer thought was the problem. My worry about when you read what you plead, it's totally different than even what you agreed to. And I'm not sure you can plead it around it. That's why I thought my good friend Tolman's question was very careful. Because I'm sure that Willie Fletcher's opinion in Hooper would allow continuous action and for more force than necessary, given the action that's taken. But I'm not sure, based on what he said, that you can reach that. And it's excessive force. And you've got to have the officer lawfully doing what he should have been doing up to the point of shooting two times. And I understand the court's concern and I appreciate your comments. Obviously, you've thought carefully about this. But I would just point out to you that really the deposition testimony, when he talks about crouching down, it's after he has been telling the plaintiff or the appellant, he's been telling him that he wants him to get on his knees. In looking at the facts and taking them as a reasonable inference in favor of the plaintiff on de novo review, the reasonable inference of him crouching down is that a person cannot get on their knees until they begin to squat down. And using deadly force at that point in time is something that is excessive, in other words, more than necessary. I would just point out that Hooper, remember, examined cases from a bunch of different circuits. And found that in situations where too much force is used, that despite a conviction for resisting or obstructing. And by the way, 148 in California, you can be guilty of obstruction by doing this. Stop, and you take an additional two steps. You just violated 148. Does the officer in that situation, is he in imminent peril, and does he have a right to use deadly force? Of course he doesn't. And the same is true here. He didn't have a right to use deadly force when he had selected an intermediate use of force of the taser. For all of the activities that are contained in the guilty plea. And it was only when he began to crouch down that he decided, now I'm going to use deadly force. Really crouching down, as our police practices experts stated in his declaration, is not in a position of advantage. You cannot run at the officer. You're actually in a position of disadvantage. The reasonable inferences of the fact are probably the use of deadly force. Unless you're going for a gun and trying to minimize yourself as a target to the officer. Or unless you're taking the position of advantage and preparing to reach for the gun. And giving the officer the thousand yard stare, which says I'm going to shoot him. Which is exactly what was alleged. But your honor, the. I mean, I'm just trying to add to Judge Tallman's question. Right. I'm not trying to take away his question was very good. That's why I'm not sure you can allege this based on what was pled. I don't know that you can get here. But I know you can't get there based on what you've alleged in your complaint. Because this would strike down everything you pled to. Well, I don't think it would strike down everything we pled to. Because I do think that the complaint does contain some allegations that the force that was used by the officer in the circumstances of this case was excessive and unnecessary. I mean, we standardly plead that. And as it turned out, in terms of the factual allegations, the officer flat out admitted. I frankly, by the way, I frankly think this case. Is stronger than both Smith versus Hammond and Hooper. Because in this particular case, if you look at it under Smith, under continuous sequence. The sequence wasn't continuous because the thing that the officer says was a break in the sequence. Is that up until the point he utilized the taser and only pointed at him. That was a selection of intermediate force for all the activities that took place. The part under Hooper that's a different action. Him crouching down is what he shot him for. The problem I'm having with your argument. And it may be a flaw in our continuous transaction doctrine. Is that the officer had not yet affected the arrest. He was trying to take control of your client. But by virtue of the fact that your client was resisting, he wasn't able to arrest him. And so to say that we can break that into discrete components is difficult, I think. And the district court basically said, look, this is one continuous transaction based on these facts. And I'm not sure whether we can review that de novo or by clear error. I heard your argument, counsel, but I want you to listen very carefully to what Judge Tolman just told you. Because it doesn't seem to me that unless you have Hooper, you can get by Smith. For the very reason Judge Tolman just counseled you. Seems to me your best case is Hooper. Because Judge Fletcher tried to eliminate Smith based on California precedent in Hooper. And said it could come from the same. But he didn't say you can't, that you could disadmit everything you alleged and then say it's okay. And so it seems to me what you've got to do is look very carefully at what you admitted. And say even though all of that happened, rather than this other cockamamie story this complaint talks about, there's still something. I understand, Your Honor. May I just respond to your question? Yeah, go right ahead. Because I have gone over it. I understand, but you're the last case on the calendar, so go ahead. I would just tell you this, Your Honor, and both of you had very fine questions there. You're talking about effectuating the arrest. I think we'd agree that the idea of excessive force is more force than is necessary. And so even if he had not yet effectuated the arrest, the way that the California standard has it is an officer is never justified in using more force than is necessary to overcome resistance or effectuate an arrest. The federal standard is basically the same in saying under Graham v. Connor and Tennessee v. Garner and so forth, that you cannot use excessive force. And I would just end with this. I think that Hooper is so consistent with Graham v. That jury instruction that talks about the nature of the crime at issue, the availability of alternative methods of taking someone into custody, and the amount of force that was used, the amount of time that passed, and so forth, is one in which all those factors are considered against each other, sort of in a gestalt, rather than it being a four-pronged test where you have to meet all of those standards. And so the point of Hooper is, is that even if you did some things that could be categorized as resistance, it's a jury issue, a factual issue, as whether the amount of force that someone used to overcome that resistance was too much force, and therefore you have an excessive force case under the Fourth Amendment and 42 U.S.C. Section 1983, and I think that's exactly what we have here. If you're not barred by heck to get to the jury, that's the question we've got to wrestle with. That's true, and I think that's why Hooper, it sort of, if you will, it harmonizes that with the Graham and with the Tennessee v. Garner, in that saying that just because you've been convicted of delaying or obstructing, which could be as easy as you not, as you walking into an open garage, instead of immediately stopping, that doesn't give the officer the right to use force, including shooting the person. So, I don't know, it's time to submit, Your Honor. Thank you very much, Justices, for your time. Thank you. Ms. Hoard? Thank you, Your Honor. Steena Hoard on behalf of Officer Maldonado in the City of Orange. It's clear that you have painstakingly reviewed the pleadings. We do our homework in preparation for here. We really do. We read what you send to us, and we look at the record. And thoroughly the record. I'm here today to basically address your question about reversing and remanding. The request to amend the complaint can be made at any time, and it was not done in front of the district court, Your Honor. I will absolutely admit my ignorance at this stage in the game. We have done all that we can to protect the city as well as the officer. Because the request has not been made before either the district court or this court, I believe that it would be shocking to allow it to occur. It's been years. Witnesses have been lost. The time for that has, I believe, long gone. As it relates to your questions as to what in fact were the factual allegations, we can argue about each and every breath that each individual took on the day of the events. It was painstaking for me to decide what to do in these events. But what I was faced with as a practitioner was a very, very detailed criminal plea, which matched so closely to the events that were detailed by the officer, as well as a complaint that disavowed any wrongdoing that occurred. And I believe this is exactly what HEC tries to protect police officers who are attempting to protect the residents of the city of Orange. And I will address anything that has caused confusion, but I really have nothing more to add to clearly your clear understanding of both the record and the law. Anybody have any further questions? Oh wow. I think we're done. I apologize that I couldn't lend any more. Well, I mean. I don't know that there was any more to lend. I think we were trying to be devil's advocates, and I appreciated your approach and your argument. Thank you. Yeah, and Mr. Henderson, thank you very much for your argument. It was very enlightening as well. Thank you. All right. Case just argued is submitted, and we're adjourned for the day.
judges: Tallman, N.R. Smith, Murphy